IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HAP AL SEIDERS, : | |
|    Plaintiff : | |
| v. : | Civil Action No. 1:11-CV-01438 |
| UNKNOWN AND UNNAMED AGENTS : | (Chief Judge Kane) |
| FOR THE DAUPHIN COUNTY : | |
| PROSECUTORS AND INVESTIGATIVE : | |
| OFFICE, in their official and individual : | |
| capacity, et al., : | |
|    Defendants : | |

**MEMORANDUM ORDER**

Presently pending before the Court are motions to dismiss filed by Defendants Francis T. Chardo and Thomas E. Yurchinson (Doc. No. 12) and Defendants John J. Connelly and Susan Kadel (Doc. No. 8). For the reasons that follow, the Court will grant both motions.

**I.  BACKGROUND**

According to Plaintiff's complaint, this case arises from Plaintiff's prosecution for bigamy in the Court of Common Pleas of Dauphin County, Pennsylvania. (Doc. No. 1 ¶ 1.) On December 30, 1983, Plaintiff married Denise M. Seiders in Perry County, Pennsylvania. (Id. ¶ 21a.) A divorce action was commenced in Dauphin County on December 19, 2002. (Id.) On June 22, 2006, while still legally married to his wife in Pennsylvania, Plaintiff married another woman in Las Vegas, Nevada. (Id.) On June 28, 2007, a Massachusetts court annulled Plaintiff's Nevada marriage. (Id. ¶ 14a.)

On March 12, 2008, Plaintiff was charged in Dauphin County with bigamy. (Id. ¶ 13.)

1

On June 10, 2008, the charge was dismissed for lack of jurisdiction because the crime occurred in Nevada and not in Pennsylvania. (Id. ¶ 18.) By order dated August 21, 2008, the charge was reinstated. (Id. ¶ 19.) On May 8, 2009, after a bench trial, the Court of Common Pleas of Dauphin County convicted Plaintiff of bigamy. (Id. ¶ 21a.) Plaintiff appealed the decision to the Superior Court of Pennsylvania, and the Superior Court reversed Plaintiff's conviction on the basis that the trial court was without subject matter jurisdiction to convict Plaintiff of bigamy. Commonwealth v. Seiders, 11 A.3d 495, 500 (Pa. Super. Ct. 2010).

Plaintiff asserts that Defendant Chardo, a Dauphin County Assistant District Attorney, and Defendant Yurchinson, a Dauphin County Criminal Investigation Division investigator, as well as other Dauphin County agents and investigators, "brought a second indictment" against Plaintiff despite their knowledge that Plaintiff's Nevada marriage had been annulled and that the Pennsylvania courts lacked jurisdiction over the matter. (Id. ¶¶ 39, 44.) Plaintiff alleges that Defendants Connelly and Kadel, who represented Ms. Seiders in her divorce proceedings against Plaintiff, "contacted the District Attorney's Office in Dauphin County and solicited the criminal prosecution" of Plaintiff. (Id. ¶¶ 46, 49.) Further, Plaintiff alleges that Defendant Chardo, relying on discussions he had with Defendants Connelly and Kadel, made statements referring to Plaintiff as a "career criminal" who was "hiding assets in the context of the divorce proceeding," which the Legal Intelligencer and PostGazette.com published on November 8, 2010. (Id. ¶ 50.) Plaintiff also asserts that Defendant Chardo made similar statements in a memorandum to Magisterial District Judge Richard Solomon dated August 9, 2010. (Id. ¶ 51a.)

Plaintiff filed a complaint in the instant action on August 4, 2011, alleging: (1) various

violations of his constitutional rights pursuant to 42 U.S.C. § 1983 against Defendants Chardo and Yurchinson; (2) intentional infliction of emotional distress and abuse of process claims against Defendants Connelly, Kadel, and Chardo; and (3) malicious prosecution and libel claims against Defendant Chardo.  (Doc. No. 1.)  On October 11, 2011, Defendants Connelly and Kadel filed a motion to dismiss Plaintiff's complaint (Doc. No. 8) and a brief in support (Doc. No. 9).  On October 13, 2011, Defendants Chardo and Yurchinson filed a motion to dismiss Plaintiff's complaint (Doc. No. 12) and a brief in support (Doc. No. 13).  After Plaintiff failed to file briefs in opposition to Defendants' motions in accordance with Local Rule 7.6, the Court issued a November 1, 2011 order, directing Plaintiff to show cause on or before November 7, 2011, why Defendants' motions should not be granted.  (Doc. No. 14.)  To date, Plaintiff has failed to respond in any way.

## II.     STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint.  Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).  In reviewing a motion to dismiss, a court may "consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim."  Lum v. Bank of Am., 361 F.3d 217, 221 n.3 (3d Cir. 2004).  The motion will only be properly granted when, taking all factual allegations and inferences drawn therefrom as true, the moving party is entitled to judgment as a matter of law.  Markowitz v. Ne. Land Co., 906 F.2d 100, 103 (3d Cir. 1990).  The burden is on the moving party to show that no claim has been stated.  Johnsrud v. Carter, 620 F.2d 29, 33 (3d Cir. 1980).  Thus, the moving party must show that Plaintiff has failed to "set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that those

elements exist." Kost, 1 F.3d at 183 (citations omitted).  A court, however, "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  Indeed, the United States Supreme Court has held that while the 12(b)(6) standard does not require "detailed factual allegations," there must be a "'showing,' rather than a blanket assertion of an entitlement to relief . . . . [F]actual allegations must be enough to raise a right to relief above the speculative level.'" Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231-32 (3d Cir. 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Put otherwise, a civil complaint must "set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662 (2009)).

## III. DISCUSSION

The only federal claims in this action are Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendment claims brought against Defendants Chardo and Yurchinson.  (Doc. No. 1 ¶ 55.)  The Court will dismiss those claims on the basis of prosecutorial immunity.  Because the Court cannot find affirmative justifications to retain jurisdiction over the remaining state law claims, the Court will dismiss those claims for lack of supplemental jurisdiction.[1]

---

[1] Under Local Rule 7.6, a party's failure to file a brief in opposition to a motion is to be deemed as a lack of opposition to the motion.  In the instant case, after failing to file a brief in opposition to Defendants' motions in accordance with Local Rule 7.6, Plaintiff was directed to show cause by November 7, 2011, why Defendants' motions should not be granted.  (Doc. No. 14.)  Plaintiff filed neither an appropriate response nor a motion for an extension of time in which to do so.  Accordingly, the pending motions to dismiss should be deemed unopposed.

Where a motion is unopposed and "the party is represented by an attorney" or fails to comply with a court's orders, the motion may be dismissed without a merits analysis. Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991).  However, the United States Court of Appeals for the Third Circuit has made clear its disfavor of dismissals under Rule 12(b)(6) of the Federal Rules of Civil Procedure without a merits analysis and, therefore, in spite of the

**A.    Federal Law Claims Against Defendants Chardo and Yurchinson**

In Count I, Plaintiff alleges that Defendants Chardo and Yurchinson violated his rights under the Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments in violation of 42 U.S.C. § 1983.  (Doc. No. 1 ¶ 55.)  In support of these claims, Plaintiff alleges that Defendant Chardo: (1) improperly initiated a prosecution of Plaintiff for bigamy despite knowing that Plaintiff's crime occurred in Nevada and, therefore, that the Pennsylvania courts lacked jurisdiction; (2) improperly initiated a second prosecution of Plaintiff for bigamy after the initial charge was dismissed for lack of jurisdiction; and (3) improperly set Plaintiff's bail.[2]  (Id. ¶¶ 37, 44, 55.)  Defendants Chardo and Yurchinson contend that they are entitled to immunity with respect to each claim.  (Doc. No. 12 ¶¶ 6-7.)

First, Defendant Chardo contends that he is entitled to absolute prosecutorial immunity.  "[S]tate prosecutors are absolutely immune from liability under § 1983 for actions performed in a quasi-judicial role.  This immunity extends to acts that are 'intimately associated with the judicial phase of the criminal process,' such as 'initiating a prosecution and . . . presenting the State's case.'"  Yarris v. Cnty. of Delaware, 465 F.3d 129, 135 (3d Cir. 2006) (citing Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976)).  Absolute immunity to state prosecutors, however, "does not extend to '[a] prosecutor's administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial

---

failure of Plaintiff – who is represented by counsel – to respond to Defendants' motions or this Court's orders, the Court will consider the motions on the merits.  Id.

[2] The Court notes that all of Plaintiff's federal claims are raised in paragraph 55 of his complaint, and that he does not set forth specific facts in support of his Fourth, Sixth, Ninth, and Fourteenth Amendment claims in that paragraph or any other portion of the complaint.

proceedings.'" Id. (quoting Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993)). Ultimately, the Court must determine whether the prosecutor was "functioning as the state's 'advocate' while engaging in the alleged conduct that gives rise to the constitutional violation." Id. at 136.

The Court finds that Defendant Chardo is entitled to absolute prosecutorial immunity. First, Defendant Chardo is entitled to such immunity with respect to Plaintiff's allegations that he improperly initiated prosecutions of Plaintiff for bigamy because it is well settled that "[a] prosecutor is absolutely immune when making [the decision to initiate a prosecution], even where he acts without a good faith belief that any wrongdoing has occurred." Kulwicki v. Dawson, 969 F.2d 1454, 1464 (3d Cir. 1992); see also Jennings v. Shuman, 567 F.2d 1213, 1221-22 (3d Cir. 1977) ("[A] prosecutor is entitled to absolute immunity while performing his official duties, as a[n] officer of the court, even if, in the performance of those duties, he is motivated by a corrupt or illegal intention.") (internal citation and quotation marks omitted). Second, with respect to Plaintiff's claim of excessive bail, Defendant Chardo, as a state prosecutor, had no authority to reduce Plaintiff's bail; that authority lies with the sole discretion of the court. See Lutz v. Lavelle, 809 F. Supp. 323, 327 (M.D. Pa. 1991). Therefore, Defendant Chardo's failure to reduce Plaintiff's bail is not an abuse of his authority violating a federally protected right.

The Court also finds that Defendant Yurchinson is entitled to immunity for his investigative assistance relating to Defendant Chardo's prosecutions of Plaintiff. Plaintiff's complaint alleges only that Defendant Yurchinson assisted Defendant Chardo in prosecuting Plaintiff. (Doc. No. 1 ¶¶ 38, 44.) Because investigators have absolute immunity for their investigative assistance relating to prosecutions, Defendant Yurchinson is entitled to such

immunity in the instant action.  See Davis v. Grusemeyer, 996 F.2d 617, 632 (3d Cir. 1993) (holding that absolute immunity extends to a prosecutor's investigator who performs "investigative work in connection with a criminal prosecution"), abrogated on other grounds by Rolo v. City Investing Co. Liquidating Trust, 155 F.3d 644 (3d Cir. 1998); see also Hyatt v. Cnty. of Passaic, 340 F. App'x 833, 837-38 (3d Cir. 2009).

Accordingly, the Court will grant Defendants Chardo and Yurchinson's motion to dismiss with respect to Plaintiff's claims raised pursuant to 42 U.S.C. § 1983.

      **B.**     **State Law Claims Against Defendants Chardo, Connelly, and Kadel**

District courts have supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  A district court may refuse to exercise such jurisdiction where, as in the instant case, "the district court has dismissed all claims over which it has original jurisdiction."  Id. § 1367(c)(3).  In fact, "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so."  Borough of W. Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995).  The Court finds no such affirmative justifications to warrant the exercise of supplemental jurisdiction.  Therefore, the Court declines to exercise supplemental jurisdiction over the remaining state law claims against Defendants Chardo, Connelly, and Kadel.

**ACCORDINGLY,** on this 29th day of November 2011, **IT IS HEREBY ORDERED THAT** Defendants Chardo and Yurchinson's motion to dismiss (Doc. No. 12) and Defendants

Connelly and Kadel's motion to dismiss (Doc. No. 8) are **GRANTED**, and Plaintiff's complaint (Doc. No. 1) is **DISMISSED WITH PREJUDICE**.  The Clerk of Court shall close the case.

 S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania