IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HAP AL SEIDERS,<br>    Plaintiff | :<br>:<br>: |
| v. | : Civil Action No. 1:11-cv-01438 |
| UNKNOWN AND UNNAMED AGENTS<br>FOR THE DAUPHIN COUNTY<br>PROSECUTORS AND INVESTIGATIVE<br>OFFICE, in their official and individual<br>capacity, et al.,<br>    Defendants | :<br>: (Chief Judge Kane)<br>:<br>:<br>:<br>:<br>: |

## MEMORANDUM ORDER

Presently pending before the Court is Plaintiff's motion for reconsideration of the Court's November 29, 2011 memorandum and order. (Doc. No. 17.) For the reasons that follow, the Court will deny the motion.

On November 29, 2011, the Court issued a memorandum and order granting two motions to dismiss and dismissing this action with prejudice. (Doc. No. 15.) On December 28, 2011, Plaintiff filed a notice of appeal on December 28, 2011. (Doc. No. 16.) Two days later, he filed a motion for reconsideration pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 17.) On March 29, 2012, the Court issued an order stating that it would defer ruling on the motion for reconsideration until after the United States Court of Appeals for the Third Circuit issued its ruling on Plaintiff's appeal. (Doc. No. 22.) On July 19, 2012, the Third Circuit dismissed Plaintiff's appeal for failure to prosecute. (Doc. No. 23.)

A motion for reconsideration is a device of limited utility. Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a party seeking reconsideration must

demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Rohrbach v. AT & T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996) (citation omitted). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Cont'l Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995) (citation omitted).

Plaintiff contends that the Court should reconsider its November 29, 2011 memorandum and order principally because the health problems of Plaintiff's counsel prevented him from timely filing briefs in opposition to Defendants' motions to dismiss. (Doc. No. 18 at 3-7.) While the Court did note in its memorandum that the motions to dismiss should be deemed unopposed because Plaintiff failed to file briefs in opposition to the motions, it also explicitly stated that "in spite of the failure of Plaintiff – who is represented by counsel – to respond to Defendants'

motions or this Court's orders, the Court will consider the motions on the merits." (Doc. No. 15 at 4-5 n.1.) The Court then analyzed the claims raised against Defendants, concluded that the only Defendants against whom federal claims were raised were entitled to immunity, and declined to exercise supplemental jurisdiction over the remaining state law claims. (Id. at 5-7.)

In his motion for reconsideration, Plaintiff argues that his claims do have merit. But he states only that "[t]here is an argument to be made in the Plaintiff's responsive brief that is directed at the immunity argument" and that the Court should not have considered Defendants' immunity argument at this stage of the litigation. (Doc. No. 18 at 7.) This argument is entirely unconvincing. The United States Supreme Court has "stressed the importance of resolving immunity questions at the earliest possible stage in litigation," Hunter v. Bryant, 502 U.S. 224, 227 (1991), and Plaintiff has failed to point to any legal authority indicating that the Court erred as a matter of law with respect to the immunity determinations it reached in its November 29, 2011 order.

**ACCORDINGLY**, on this 27th day of July 2012, **IT IS HEREBY ORDERED THAT** Plaintiff's motion for reconsideration (Doc. No. 17) is **DENIED**. The case shall remain closed.

S/ Yvette Kane<br>
Yvette Kane, Chief Judge<br>
United States District Court<br>
Middle District of Pennsylvania